Chief Justice Robertson
delivered the opinion of the Court,
Kavenaugh filed a bill in chancery against Davis, enjoining some small judgments, and praying a set oli for the use of two slaves, (Violet and Joe) which, as the bill averred, he (Davis) had enjoyed in consequence of the loan of about $100. The injunction having been dissolved by the order of the circuit court, Kavenaugh voluntarily dismissed his bill before an answer nad been filed. After-wards, he brought this action of assumpsit for the use of the slaves. On tne trial, upon the general issue, Davis relied ou the suit, in chancery as a bar to-any recovery, and the circuit court having instructed the jury to tha. etteot, in substance, verdict and judgment were een>eq.uently rendered against the plaintiff.
Dismissing a bill, after dissolution of injunction, does not preclude complainant from maintaining his aotion at law, for the demand, set up in the bill ; it is no lifignti >n or determination of the rights of the parties.
Crittenden, for plaintiff; Mordicad, for defendant.
There, is no reason whatever for presuming that the subject matter of this suit had ever been litigated or involved in any other suit, except so far as it had been presented in the bill which we have mentioned; the dismission of that bill furnished (according to the only rational interpretation of this record,) the only ground for the instruction given by the circuit court, and the consequent verdict of the -
The bare statement of the object of the bill, and of the manner in which it was abandoned, is sufficient to shew indisputably that the right to compensation for the use of the slaves had not been concluded or litigated.
After the dissolution of the injunction, the bill was functus officii, and the court had no jurisdiction to decree a payment of the sum claimed by the bill.
Wherefore, the instruction was erroneous, and, of course, the judgment must be reversed, the verdict set aside, and the cause remanded for a new frial.